IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01006-EWN-MJW

LANCE CARR,

    Plaintiff,

v.

MORGAN COUNTY SCHOOL DISTRICT RE-3, a political subdivision,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Under Rule 26(c) and 26(c)(7), Fed.R.Civ.P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential personnel or commercial information and information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), Fed.R.Civ.P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiff Lance Carr ("Plaintiff"); or confidential business information about Defendant Morgan County School District RE3 ("Defendant"); or Morgan County School District's current or former employees and agents. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made either on the record or a party may designate portions of depositions as Confidential after transcription.

7. The parties recognize but do not necessarily agree that Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, medical or mental health treatment, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiff's employment with Defendant, and Defendant's general business practices, financial matters, information regarding client/customer relationships, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

   c. the parties, including Plaintiff and Defendant and Defendant's School Board;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court, jurors and/or court staff in any proceeding herein;

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.  deponents during the course of their depositions; and

    h.  other persons by written agreement of the parties.

  8. Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by paragraph 7 of this Stipulated Protective Order, such person shall be provided with a copy of the Stipulated Protective Order and shall be orally advised that a Court Order prohibits such person from discussing or reviewing said information, except for the purpose of providing testimony at a deposition, hearing or trial. In the event any counsel of record determines that persons other than those provided for in Paragraph 7 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

  9. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion within eleven (11) days of the end of the above-described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information

4

shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10.   Any party must move the Court to file Confidential documents under seal under D.C.Colo.L.Civ.R. 7.3. In the event a party seeks to disclose the content of any confidential material subject to this agreement in any pleading, motion, deposition, transcript, exhibit or other document, the party shall be obligated to submit such pleading, motion, deposition, transcript, exhibit or other document under seal in an envelope on which shall be endorsed the caption of this action, any other information required by D.C.Colo.L.Civ.R. 7.3, and a statement substantially in the following form:

> The following is confidential: these documents are subject to a Protective Order in the case of Carr v. Morgan County School District RE3, Civil Action No. 06-cv-01006-EWN-MJW, and are to be reviewed only by a Judge and Magistrate Judge of this Court or their law clerks, or counsel for the parties in this litigation.

11.   The duty to keep confidential any information or documents designated as confidential survives the completion of this case. At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information provided by any party (including all copies thereof provided to any Authorized Person) shall be destroyed

or preserved by counsel in a manner which is fully consistent with the terms of this Protective Order. At the end of the litigation (including any appeals), counsel will not be required to return the material. Notwithstanding this requirement, pursuant to the requirements of its malpractice insurance policy, counsel for Plaintiff agrees to maintain the Confidential Information under seal for three years following the resolution of this litigation (including any appeals), at which time said Confidential Information (and any copies thereof, in whatever form) will be destroyed, unless litigation has ensued regarding the matter, in which case the documents may be retained until that litigation, including any appeals, has concluded.

12. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

**BY THE COURT:**

_/s/ [signature]_ 11-2-06
U.S. District Judge or Magistrate Judge

**So Stipulated:**

**s/ Seth J. Benezra**

Seth J. Benezra, Esq.
John A. Culver, Esq.
Benezra & Culver, L.L.C.
141 Union Blvd., #260
Lakewood, CO 80228
(303) 716-0254
(303) 716-0327 fax
sjbenezra@bc-law.com
jaculver@bc-law.com
*Attorneys for Plaintiff*


**s/ Brent Case**

Patrick B. Mooney, Esq.
Brent Case, Esq.
Semple Miller Mooney & Farrington, P.C.
1120 Lincoln St., #1308
Denver, CO 80203
(303) 595-0941
(303) 861-9608 fax
pmooney@smmpc.com
bcase@smmpc.com
*Attorneys for Defendant*

7